We call the case of Fin Lin v. Attorney General, Mr. Masucci. It feels a little like we're in the Virgin Islands again. It does. It's a little warm in here, I heard. Good morning, your honors. May it please the court. I would respectfully ask for five minutes of rebuttal time to be reserved. Clearly there are two issues facing the court today. The first is the issue of exhaustion. And I'm going to be optimistic and assume that based upon the focus of the letter brief that this court asked for, we are assuming at this point that this court does have jurisdiction to entertain the petition for review and the specific issue of credibility that the outcome of the case really hinged upon. It's a big assumption. I think maybe you want to explain why we have jurisdiction. First of all, maybe why it's jurisdiction. Well, in our response brief, we certainly argued that this is not a jurisdictional issue. It's an issue that was the issue. Our case law has previously said it's jurisdictional, hasn't it? Yes, but the... Why wouldn't we follow that? Well, we argued that the Supreme Court decision in 2005, which made reference to the drive-by jurisdictional issues, the drive-by, it's rather sarcastic, resolution of these jurisdictional issues by courts, I think would be an apt description of the posture of the jurisdictional issue, the posture of the exhaustion issue in this case. Mr. Masucci, I suspect that we have said that if this were a claim, such as, for example, a claim for relief under the Convention Against Torture, if that is not presented to the BIA, I suspect we would say that's jurisdictional, we can't hear it. Yes. But this is a different matter because you call this an issue, not a claim. So the question is, is this issue jurisdictional, just as we have said that claims are jurisdictional? I don't believe the issue is... the exhaustion of the issue, the exhaustion of an issue is a jurisdictional issue. Why not? Well, this Court has also said that so long as the agency has put on notice, no matter how ineligently or clumsily, of the relevance of the resolution of an issue below, as clearly the agency was put on notice in this case... Well, they were put on notice... well, we'll come to that, clearly. I don't know if I would use that word, but okay. That it was waived. The agency waived its right to argue that this Court does not have jurisdiction to hear it. All right, so because the issue of credibility, though not presented to the BIA, was considered by the BIA in its short opinion and decided, you say that it was waived, and therefore you can present it to us. Right, and the flip side of the argument is that even though the credibility issue is not explicitly articulated below in the administrative appeal, that the appeal itself would have made absolutely no sense. In the context of an asylum claim, it would have made absolutely no sense because, as I'm sure this Court knows as it's done more and more of these petitions for review, that credibility, that's the heart of 99% of these asylum claims. It was, again, although maybe not clearly addressed below, I think it was implicitly addressed or implicitly in play in the administrative appeal brief to the BIA. Well, what language was used so that we can say Mr. Masucci is right, it was implicitly in those briefs? Unfortunately, there was no language. There was no language in the administrative appeal brief. But that means that credibility is always an issue before the agency? Arguably, in a case where claims are seeking asylum, and normally the only significant evidence in the case besides a written application is the testimony of the asylum applicant, then yes, in that class of cases, credibility is issue number one. Wouldn't it be better to require, if we were going to adopt a rule, even better we call it jurisdictional or not, isn't it better to tell the person that's appealing to the BIA that they've got to lay out what their bone of contention is to the BIA so the BIA will address it rather than just relying on some general concept of credibility? Isn't that what we would want them to do? I'm sure it is what you would want them to do, Your Honor. And certainly when I write an administrative appeal brief to the BIA, I make sure that the judge raised it in her decision and it gets raised in the brief. I guess the other question, which is more maybe an equitable rather than legal question, is should a... Since the BIA raised it, does that act as a waiver? I was looking at it more from the point of view of really in a sense penalizing the non-English speaking, relatively uneducated alien. Was it a counsel petition that was filed before the issue? Yes, it was, unfortunately. Well, you should press a little bit on Judge Van Interpen's point. I mean, if you had raised it, the BIA wouldn't simply have said we agree or disagree with the IJ. Instead, the BIA might have looked at the issues a little bit more thoughtfully and carefully, parsed out what the petitioner had said, and then we, in turn, would have a better record as to what the issue is about. Isn't that the purpose of the waiver rule? So that the appellate courts have a better idea of what the issues are? Not just the issues, but the arguments respecting the issue? Absolutely. I'm sure that's the rationale for the adoption. Is that a better rule than the one that you would advocate? The one that you would advocate is that there was a waiver, and therefore we should consider the issue. Well, I think the second rule would be better for my client than the first rule. But I think in terms of the work that this court does in trying to review what happens at the agency, it's clearly better for the issues to be... Well, I thought that you would say something like this is no different than when the BIA does a streamlining opinion and doesn't even address the issue, but nonetheless we can address it. Well, the opinion in this particular case is borderline streamlining. It's about two words, and a sentence is what it is. But it's not. It's not a streamlining opinion because it doesn't conform with the statutory requirements. So I guess the counterargument would be in the majority of cases where credibility is raised at the administrative level, the board doesn't do anything more with it than it did in this case. And I know the courts of appeal have been... But isn't that all the more reason to try to present the issues? Admittedly, the board's very busy. They inexplicably, I think, reduced the number of people on the board a few years ago. Isn't that all the more reason to put the burden on the alien to lay out exactly what the concerns are, what he wants them to address, what he thinks was the mistake that was made by the IJ? Your Honor, the board is burdened, and I know the immigration judges are burdened. However, as someone that does immigration private practice almost solely, there are significant burdens as well in trying to do this work well. And I think in this particular case, frankly, I think the attorney who did the appeal brief was sloppy and didn't really represent the client adequately. But I would also think that the board, no matter how busy it is, would be able to kind of... I mean, obviously, it identified the credibility issue. I mean, it mentions it very quickly in its opinion, so it saw it there. And I'm not really sure why the agency wouldn't be held accountable in terms of having waived it. One or two more questions. I just... Regardless, we're going to have to deal with this issue in an opinion. And I'm not entirely clear what your position is. Regardless of whether you call it a claim or an issue, is this a jurisdictional rule or is it a claim processing rule? You think it's claim processing, don't you? Yeah, I tend to think it's jurisdictional. It's not jurisdictional. Right, right. Okay, that's what I figured you'd say. Great. All right, Mr. Musucci, we'll get you back on your feet. Thank you. Mr. Duffy. May it please the court, my name is Edward Duffy and I represent the Attorney General of the United States in this matter. Jurisdictional or claims processing? Which is it? Your Honor, it's our position that statutory exhaustion is jurisdictional by statute to this court. I think it says, it's not a lot, you're talking about the court may review a final order of removal only if, one, the alien has exhausted all administrative remedies available to the alien as of right. Is that what you're relying on? That's correct, Your Honor. What's a remedy? Is that an issue or is that, as Judge Fuentes has said, a different level or raising convention against torture and withholding? Does it mean that or does it extend all the way to issues? Your Honor, it's our position it extends all the way to issues and I think this court's cases say it extends all the way to issues. The Joseph case is a good example where it says the alien must raise the issue to the board in order to exhaust his or her administrative remedies. But it did characterize the eligibility for naturalization as a claim. It did characterize the eligibility for naturalization as a claim. And then it said that the claim was not exhausted. And the claim was not exhausted. But also in any appeal to any administrative body or any court, you have to raise the issue in order for the administrative body or for this court to be able to determine whether or not your claim has any merit. Well, let me follow up on the Joseph decision because the court did say that the claim was not exhausted but it had been waived. Is that correct? Because the appellate court did address the issue, did it not? The appellate court addressed the issue in Joseph, Your Honor, but the appellate court addressed the issue because it said that the alien had put the BIA on notice in that case. This is my recollection on Joseph. That the alien had failed to raise the naturalization claim but had sufficiently raised the other issue and that the board— That issue was not explicitly briefed and argued before the BIA. Nonetheless, the BIA considered the issue. In that— In Joseph. In Joseph, yes, Your Honor. But in this case, when you have exhaustion of— when you have a claim like this of credibility, what you had is you had two different opinions coming out of the immigration judge, two different bases for denying the asylum claim. The first was on the merits. The IJ said, you know, I file on a merit so you've not met your basis. The second was a particular adverse credibility finding. When the alien filed his notice of appeal, and in his brief he never mentioned either of those, the board, left in a vacuum, did say it looked at the record and found that the record supported the immigration judge's characterization, the adverse credibility decision. The board, however, was working in a vacuum. And what the danger is here is if you allow an alien to not raise an issue, say the asylum claim credibility. Now we're out here a few years later, and the only remedy, if this court were to find on the merits, which we don't believe it should, but on the merits of the claim that the adverse credibility decision of the immigration judge was not supported by the evidence, it would remand it to the board, and now you have an ongoing violation where Mr. Bin Linn has been in the United States in violation of law for several years. And that will now continue while the board or the immigration judge reconsiders the issues in this case, solely because Mr. Bin Linn failed to raise that issue to the BIA. And if he had a meritorious argument, it should have been raised there because the issues and the citations to the record that he raises in this court were never presented to the board. Does it matter that it was raised sua sponte by the board? Your Honor, the board was looking at the immigration judge's decision and was looking at what the immigration judge did, and the board said there is evidence in the record and the immigration judge did point to evidence in the record to support the adverse credibility decision. Therefore, we're going to adopt and affirm that and did not go on to the other issue in the case, which in the case where the adverse credibility issue had been raised, the board may have been more inclined to go to the merits of the case. If the purpose of exhaustion is to put the appellate tribunal, be it the agency or the court, on notice of an issue and here the BIA was obviously on notice of the issue, why isn't it waived? Your Honor, it's not... Not only were they on notice, they incorporated in their opinion and decided the issue. It's not just a matter of whether they're on notice, particularly as we said in our opening brief. Then what is the purpose of exhaustion? The purpose of exhaustion is so the agency can make an informed decision as to the merits of the aliens, in this case, claims and defenses. Why isn't that notice? You have to have notice before you can make an informed decision. You're absolutely right, Your Honor, but the board didn't have notice that the alien was contesting the adverse credibility finding. What the board was doing was reviewing the immigration judge's decision. All right, let me ask you just one other question. Isn't this basically the same as a streamlined decision? In other words, where the BIA simply affirms for the reasons stated by the IJ and doesn't have a full and complete briefing of the issue, or it does but doesn't incorporate it in its opinion. Nonetheless, the Court of Appeals will address the issue. Isn't this the same circumstance? It is not the same, Your Honor, because first of all, in a streamlined decision, if the alien didn't raise the issue, say if this were a streamlined decision, which is a particular statutory type of decision that is not present in this case, if the alien had raised the issues, then, of course, this court would have jurisdiction. But in a streamlined decision, if the alien had not raised the issue, we would be arguing the same thing, that the court did not have jurisdiction to review it because the issue was not raised to the BIA. In this type of claim, first of all, the alien also had, in order to correct this problem, Mr. Ben Lin had several other options he could have pursued. He should have come to this court because that's jurisdictional if he wanted to preserve his appeal. But he also could have moved to reconsider to the BIA, saying that the adverse credibility decision is wrong for the following legal reasons, and he had 30 days to do that, the same he had to file his petition for review. He also could have moved to reopen it at some point. Let me ask you, in your best case scenario, what would our judgment look like? I understand dismissal for lack of jurisdiction. Is there anything left to deny in your view? What does the judgment look like? Is jurisdiction, because of the credibility issue, dispositive of the entire case? It's our position, first, that if the court finds that Ben Lin has not satisfied his exhaustion requirement of the statute, that the court lacks jurisdiction to review that issue, and therefore the petition for review would be dismissed based on that. Now, if the court decides it's going to get to the issue and then decide the case, then the court would uphold the decision of the BIA in that matter and then deny the petition for review. So our position would be there would be a dismissal of the petition for review as opposed to a denial. Now, we can, of course, uphold the decision of the BIA, but you're suggesting that we can get into the decision itself and analyze the basis for its ruling, can't we? In other words, the ruling concerning credibility. Well, Your Honor, I'm saying that if you decide on the jurisdictional issue, you cannot do that. I agree with you, but let's say it's not jurisdictional. If it's not jurisdictional and the court finds that there was a waiver, say the court finds, like described in Eberhardt, that it's a rule and that the government has waived that rule, then the court would be obligated to look at the BIA's decision and look at the record. The problem will be, as the court looks at that, is the court will now have the benefit of an analysis presented by the petitioner in this case that the BIA did not have. And could we affirm? There were two grounds for finding lack of credibility, as I recall. One was whether the police told him why, and the other one was whether he was practicing in secret. Suppose we found one of those defective, one of those grounds, the police giving him the reason for the arrest. Could we still affirm on just one of those grounds? I mean, we wouldn't really know, though, whether that one alone would have been enough for the IJ to reach the same result, would we? That's exactly what I was going to say, Ron. I would like to be able to say, well, that one is enough. But we have an opinion by the immigration judge that was upheld by the BIA. That is the opinion that the court's reviewing below. Therefore, the court may only decide, if it decides that there's a, the one, what the court could do is decide that while the immigration judge made an error, that it would be futile to remand it because the same result would happen below. The same result would occur. That would just be analyzing the credibility issue and affirming for the reasons stated by the IJ. On the merits. On the merits, yes, Your Honor. And that would be the likely result in that case. Of course, the question is how do we get there if we were to make that decision? And we have to grapple with the issue of whether this is actually an issue or a claim and whether it's jurisdictional or not. Correct, Your Honor. And I believe that the court's bound by its precedent that the aliens must exhaust the issues below in order to present the claim to this court. However, if the court decided otherwise, we believe that the BIA's decision, because it was not informed by Vinland's contention, Vinland's arguments in this case, that it doesn't act as a waiver. Even though the board decided, because the board was in effect handicapped. And if the court would find in Mr. Vinland's arguments or meritorious before this court, there are arguments not presented to the BIA, and the BIA had no way of knowing beyond its examination of the record. But there's advocacy involved. There's advocacy involved in every court, and that's why the courts require exhaustion. That's why the statute requires exhaustion of administrative remedies. So the agency is making decisions that are informed by both sides, by both parties. So for the reasons stated in our brief, and we request that the court rule that it has no jurisdiction because the alien did not exhaust its administrative issues. But if the court reaches the issues of credibility in this case, we believe the record supports the BIA's and the immigration judge's decision that Mr. Vinland did not testify credibly in that proceeding. The court should deny the petition. I think I've got your view, but let me ask this again. Is credibility an issue or is it a claim? Credibility is an issue, Your Honor. There's no doubt. Good. Thank you, Mr. Masucci. I'm sorry, Mr. Duffy. Mr. Masucci. Are you going to show us where in the record credibility might have been raised before the appellate, before the BIA? I wish I could, Your Honor. I can't. But the question that you presented to me and also presented to Mr. Duffy about the purpose of the exhaustion rule, it's a very important question. And, Your Honor, you talked about it in terms of notice, putting the agency on notice. And I think in this instance, clearly the board was on notice. The other rationale would be, I guess, to – Just because it's in every case? Not in every case, but – But most cases. In most asylum cases. The other consideration would be to flesh out or develop the argument. However, in this case, what was missing in terms of a fleshed out or developed argument, really it would not have been that – this is kind of a weird way of getting at this, but it wouldn't have been that significant. Because, frankly, I think the immigration judge's credibility finding was very brief, very pedestrian. And I don't – there was not a lot for the board to look at. Assuming that it's on notice, there's really not a lot for the board to look at in identifying the immigration judge – the basis for the immigration judge's credibility finding. And analyzing it as much as it's worth to analyze it. I think that the prejudice or the disadvantage to the agency that Mr. Duffy was alluding to, I think it really – in theory, in a formal sense, yes, there was – a full fleshing out of the issue. But if we were to somehow measure or quantify what the agency didn't have available to it in order to reach the decision that it did, I don't really think it was – this is not a patent case or anything where there's a lot of need for careful technical analysis of many different things. I mean, it's just a – it's an asylum case, and it's a – and it's an asylum case where there's – as in 99 percent of these cases, it rises or falls on credibility. So I think the disadvantage, if there is one, that the agency was laboring under is really de minimis. Do you have case law support for the idea that waiver by the Board of Immigration Appeals will give the Court of Appeals a right to address an issue? Or is this the first of its kind? There's certainly – I know the Second Circuit has addressed this issue, in making this distinction between a jurisdictional and a mandatory – characterizing the exhaustion rule as either jurisdictional or mandatory. And the Azzon case, does it help you? Yes. How? That's the Second Circuit case you're on? Yeah. That – Yes. Insofar as it is a mandatory but not jurisdictional rule, it allows a court to reach and address an issue that was waived by the agency. In that case, was it waived by the court, or was it waived by the respondent? No, I believe in that case it was waived by the Board. By the Board. There's a big difference, though. In that case, didn't the Attorney General not object, as he is here? Didn't they expressly say that in the opinion? That, had we been urged by the Attorney General not to review the arguments that the alien raised – failed to raise before the BIA, we would not consider the merits. Didn't they say that? I'm quoting. They did, and obviously here the Attorney General did speak. It was. I said respondent, but that's exactly what happened. The opinion says, in light of the respondent's failure to challenge the petition for review, we will review the issues. I'm paraphrasing. No, no, no. So I guess it doesn't directly help us here. Thank you, Mr. Guffey. Thank you very much. Thank you. Thank you, Mr. Guffey. Thank you both. We'll take the case under advisement. Court will recess. The case is now in court. The court is adjourned until Tuesday, March 18th at 2 p.m. All right. Yeah. Have a good weekend. You too. Good luck with the law. Well, thanks. That's a nice treat. Yeah. We don't get to do it a lot.